UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JANE DOE | CIVIL ACTION NO. 2:17-CV-5629 |
| | |
| | DIVISION "E" |
| VERSUS | JUDGE SUSIE MORGAN |
| | |
| | MAGISTRATE (3) |
| SHERIFF DANIEL EDWARDS, ET AL. | JUDGE DANIEL E KNOWLES, III. |

**************************************************************************

## ANSWER AND DEFENSES

**NOW INTO COURT,** through undersigned counsel come Defendants, Tangipahoa Parish Sheriff Daniel Edwards and Warden Stuart Murphy, who answer Plaintiff's Complaint as follows:

### FIRST DEFENSE

The Complaint fails to state a claim against the defendant upon which relief can be granted.

### SECOND DEFENSE

The Court is without jurisdiction in this matter, inasmuch as there is no diversity of citizenship between the parties hereto.

### THIRD DEFENSE

The Court is without jurisdiction in this matter, inasmuch as the amount of controversy exclusive of interests and costs does not exceed the sum and value of $75,000.00.

**FOURTH DEFENSE**

Defendant categorically paragraph by paragraph alleges and avers as follows:

1.

Defendants deny the plaintiff's allegations concerning her status for lack of sufficient information upon which to justify a belief therein. The remaining allegations contained in Paragraph 1 of the Complaint are denied.

2.

Defendants deny the allegations contained in paragraph 2 of the Complaint.

3.

Paragraph 3 of the Complaint does not appear to contain any allegations to which a response is necessary. To the extent that a response is deemed necessary, Defendants deny the allegation contained in Paragraph 3 of the Complaint.

4.

Paragraph 4 of the Complaint does not appear to contain any allegations to which a response is necessary. To the extent that a response is deemed necessary, Defendants deny the allegation contained in Paragraph 4 of the Complaint.

5.

Paragraph 5 of the Complaint does not appear to contain any allegations to which a response is necessary. To the extent that a response is deemed necessary, Defendants deny the allegation contained in Paragraph 5 of the Complaint.

6.

Paragraph 6 of the Complaint does not appear to contain any allegations to which a response is necessary. To the extent that a response is deemed necessary, Defendants deny the allegation contained in Paragraph 6 of the Complaint.

7.

Defendants do not contest the venue of this Honorable Court.

8.

Defendants deny the allegations contained in Paragraph 8 of the Complaint for lack of sufficient information upon which to justify a belief therein.

9.

Defendants admit that Daniel Edwards is the Sheriff of Tangipahoa Parish. Defendants deny the remaining legal conclusions and allegations based thereon in Paragraph 9 of the Complaint.

10.

Defendants admit that Stuart Murphy is the Warden of the Tangipahoa Parish Jail. Defendants deny the remaining legal conclusions and allegation based thereon in Paragraph 10 of the Complaint.

11.

Defendants deny the allegations contained in Paragraph 11 of the Complaint for lack of sufficient information upon which to justify a belief therein.

12.

Defendants deny the allegations contained in Paragraph 12 of the Complaint for lack of sufficient information upon which to justify a belief therein.

13.

Defendants deny the allegations contained in Paragraph 13 of the Complaint for lack of sufficient information upon which to justify a belief therein.

14.

Defendants deny the allegations contained in Paragraph 14 of the Complaint for lack of sufficient information upon which to justify a belief therein.

15.

Defendants deny the allegations contained in Paragraph 15 of the Complaint.

16.

Defendants deny the allegations contained in Paragraph 16 of the Complaint.

17.

Defendants deny the allegations contained in Paragraph 17 of the Complaint.

18.

Defendants deny the allegations contained in Paragraph 18 of the Complaint for lack of sufficient information upon which to justify a belief therein.

19.

Defendants deny the allegations contained in Paragraph 19 of the Complaint for lack of sufficient information upon which to justify a belief therein.

20.

Defendants deny the allegations contained in Paragraph 20 of the Complaint for lack of sufficient information upon which to justify a belief therein.

21.

Defendants deny the allegations contained in Paragraph 21 of the Complaint.

22.

Defendants deny the allegations contained in Paragraph 22 of the Complaint.

23.

Defendants deny the allegations contained in Paragraph 23 of the Complaint for lack of sufficient information upon which to justify a belief therein.

24.

Defendants deny the allegations contained in Paragraph 24 of the Complaint for lack of sufficient information upon which to justify a belief therein.

25.

Defendants deny the allegations contained in Paragraph 25 of the Complaint for lack of sufficient information upon which to justify a belief therein.

26.

Defendants deny the allegations contained in Paragraph 26 of the Complaint as written.

27.

Defendants admit the allegations contained in Paragraph 27 of the Complaint.

28.

Defendants deny the allegations contained in Paragraph 28 of the Complaint.

29.

Defendants deny the allegations contained in Paragraph 29 of the Complaint.

30.

Defendants deny the allegations contained in Paragraph 30 of the Complaint.

31.

Defendants deny the allegations contained in Paragraph 31 of the Complaint.

32.

Defendants deny the allegations contained in Paragraph 32 of the Complaint.

33.

Defendants deny the allegations contained in Paragraph 33 of the Complaint.

34.

Defendants re-aver their responses contained in Paragraphs 1-33 above.

35.

Defendants deny the allegations contained in Paragraph 35 of the Complaint.

36.

Defendants deny the allegations contained in Paragraph 36 of the Complaint.

37.

Defendants deny the allegations contained in Paragraph 37 of the Complaint.

38.

Defendants deny the allegations contained in Paragraph 38 of the Complaint.

39.

Defendants deny the allegations contained in Paragraph 39 of the Complaint.

40.

Defendants re-aver their responses contained in Paragraphs 1-33 above.

41.

Defendants admit Daniel Edwards's status as the Sheriff of Tangipahoa Parish.

42.

Defendants admit Stuart Murphy's status as the Warden of the Tangipahoa Parish Jail.

43.

Defendants deny the allegations contained in Paragraph 43 of the Complaint.

44.

Defendants deny the allegations contained in Paragraph 44 of the Complaint.

45.

Defendants deny the allegations contained in Paragraph 45 of the Complaint.

46.

Defendants deny the allegations contained in Paragraph 46 of the Complaint.

47.

Defendants re-aver their responses contained in Paragraphs 1-33 above.

48.

Defendants admit Daniel Edwards's status as the Sheriff of Tangipahoa Parish.

49.

Defendants admit Stuart Murphy's status as the Warden of the Tangipahoa Parish Jail.

50.

Defendants deny the allegations contained in Paragraph 50 of the Complaint.

51.

Defendants deny the allegations contained in Paragraph 51 of the Complaint.

52.

Defendants deny the allegations contained in Paragraph 52 of the Complaint.

53.

Defendants deny the allegations contained in Paragraph 53 of the Complaint.

54.

Defendants deny the allegations contained in Paragraph 54 of the Complaint.

55.

Defendants re-aver their responses contained in Paragraphs 1-33 above.

56.

Defendants deny the allegations contained in Paragraph 56 of the Complaint.

57.

Defendants deny the allegations contained in Paragraph 57 of the Complaint.

58.

Defendants deny the allegations contained in Paragraph 58 of the Complaint.

59.

Defendants deny the allegations contained in Paragraph 59 of the Complaint for lack of sufficient information upon which to justify a belief therein.

60.

Defendants re-aver their responses contained in Paragraphs 1-33 above.

61.

Defendants deny the allegations contained in Paragraph 61 of the Complaint.

62.

Defendants deny the allegations contained in Paragraph 62 of the Complaint.

63.

Defendants deny the allegations contained in Paragraph 63 of the Complaint.

64.

Defendants deny the allegations contained in Paragraph 64 of the Complaint.

65.

Defendants, out of an abundance of caution, deny any and all other and remaining allegations, including all those that are numbered, labeled, unnumbered, unlabeled, mis-numbered, mislabeled, included as subsections to other paragraphs or sections, or that are construed to be amendments, supplements, or additions not herein answered, as they pertain to any named, misnamed, or unnamed defendant(s).

## **FIFTH DEFENSE**

The Court is without jurisdiction as to all claims asserted by the plaintiff in this matter, inasmuch as the Complaint fails to state a proper claim of relief under the Constitution of the United States or any United States statute.

## **SIXTH DEFENSE**

Defendants herein plead that any actions taken by them were done in good faith and with probable cause, without malice and under laws believed to be constitutional.

## **SEVENTH DEFENSE**

In the alternative, Defendants aver that Plaintiff's damages, if any, were caused or contributed to by other persons or parties over whom these defendants exercise no authority, jurisdiction, or control, and for whose actions they are not legally responsible.

### EIGHTH DEFENSE

Defendants aver that, at all times herein, their actions were reasonable, justified and legally permissible under the circumstances.

### NINTH DEFENSE

Defendants specifically plead that they are entitled to and protected by the qualified immunity afforded to public officials for acts committed during the course of their official duties.

### TENTH DEFENSE

As a political subdivision of the State of Louisiana, defendants are entitled to and hereby plead the statutory limitation of liability, costs and interest contained in LSA-R.S. 13:5106 and LSA-R.S. 13:5112, as well as any other statutory or jurisprudential limitation of liability, costs, and interest available to defendant under the law.

### ELEVENTH DEFENSE

Despite having adequate and reasonable opportunity to do so, Plaintiff failed to mitigate her damages so that any recovery sought herein should be reduced or be precluded entirely.

### TWELFTH DEFENSE

Defendants herein plead that to the extent that any acts or omissions of the defendants were a cause of the plaintiff's injuries, which is denied, all such acts or omissions constitute policy making or discretionary acts for which defendants are immune from liability under La. R.S. 9:2798.1.

### THIRTEENTH DEFENSE

The claims are barred by the applicable statute of limitations or prescriptive period.

**WHEREFORE,** Defendants pray that this answer be deemed good and sufficient and that, after all due proceedings, there be judgment herein, dismissing Plaintiff's Complaint with prejudice at her cost, and for all other general and equitable relief.

Respectfully submitted,

**USRY & WEEKS, APLC**

*s/Timothy R. Richardson*
TIMOTHY R. RICHARDSON (LSBN 27625)
RONALD S. BRYANT (LSBN 36110)
1615 Poydras Street, Suite 1250
New Orleans, Louisiana 70112
Telephone:    (504) 592-4600
Facsimile:    (504) 592-4641
***Counsel for the Defendants***

## **CERTIFICATE OF SERVICE**

I do hereby certify that on this 26th day of July, 2017, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent by operation of the court's electronic filing system. I also certify that a copy of the foregoing will be sent to all non-CM/ECF participants by United States Mail, properly addressed and postage prepaid.

*s/Timothy R. Richardson*
TIMOTHY R. RICHARDSON (LSBN 27625)