UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JANE DOE** | **CIVIL ACTION NO.: 17-5629** |
| **VERSUS** | **SECTION: "E" (3)** |
| **DANIEL EDWARDS**<br>     SHERIFF OF TANGIPAHOA PARISH | **JUDGE: MORGAN** |
| **STUART MURPHY**<br>     WARDEN, TANGIPAHOA PARISH PRISON | **MAGISTRATE: KNOWLES** |
| **DEPUTY ROE #1**<br>     OFFICER, TANGIPAHOA PARISH PRISON | |
| **DEPUTY ROE #2**<br>     OFFICER, TANGIPAHOA PARISH PRISON | |

<u>**FIRST SUPPLEMENTAL AND AMENDING COMPLAINT**</u>

The First Supplemental and Amending Complaint respectfully represents that plaintiff, **JANE DOE** desires to amend and/or supplement her original complaint filed on June 7, 2017 as follows:

1.

By amending and/or supplementing the section **"THE PARTIES,"** to add:

**DEFENDANT ALISA QUINN** was the Tangipahoa Parish Prison, Prison Rape Elimination Act (hereinafter "PREA") Coordinator during relevant times for this action. As the PREA Coordinator, she was responsible for the implementation and enforcement of the TPP PREA Plan, enforcing TPP's "zero tolerance of sexual abuse and sexual harassment" policy, and helping to promulgate and enforce policies and procedures designed to "prevent, detect and eliminate sexual abuse involving offender to offender." She is sued in her official and personal capacities.

2.

By amending and/or supplementing the section **"STATEMENTOF FACTS,"** as follows:

**<u>Defendants Have Authorized or Condoned Conduct and Custom that Tolerates Sexual Abuse if Incarcerated Transgendered People</u>**

28.

Defendants Edwards and Murphy **AND QUINN** condoned, ratified, and/or adopted and continue to condone, ratify, and/or adopt pervasive customs and practices that are so deficient that these defendants are deliberately indifferent to the substantial risk of serious harm to transgendered inmates, like Ms. Doe.

29.

Defendants Edwards and Murphy **AND QUINN** condoned and ratified a custom and practice where TPSO staff is inadequately trained on the importance of protecting inmates from sexual abuse. Upon information and belief, TPSO staff is not properly trained in procedures designed to identify at risk inmates during booking/processing procedures.

30.

The custom condoned by Defendants Edwards and Murphy **AND QUINN** permits inmates who are vulnerable to sexual abuse, like Ms. Doe, to be housed with the general population without adequate protections to prevent them from being sexually and/or physically assaulted.

31.

Defendants Edwards and Murphy **AND QUINN** condoned and ratified a custom and practice of insufficient supervision to protect inmates from sexual abuse or for guards to properly supervise the inmates in their care. On information and belief the pods/tiers and cells of the TPP

facility are not secured at night and inmates are permitted to leave their cells during lights-out hours. On information and belief the pods/tiers are not regularly monitored during lights-out hours, allowing inmates to engage in fighting and acts of physical and sexual violence.

3.

By amending and/or supplementing the section **"STATEMENT OF CLAIMS,"** as follows:

## STATEMENT OF CLAIMS

[…]

### SECOND CAUSE OF ACTION: FAILURE TO TRAIN IN VIOLATION OF 42 U.S.C. § 1983 AND THE EIGHTH AMENDMENT TO THE U.S. CONSTITUTION AGAINST DEFENDANT EDWARDS AND DEFENDANT MURPHY **AND DEFENDANT QUINN**

40.

Plaintiff re-alleges paragraphs 1-33 of this complaint and further states that:

41.

Defendant Edwards, as sheriff of TPSO, was the policymaker for the TPSO and the TPP.

42.

Defendant Murphy, as warden of TPP, shared responsibility for policymaking for the TPP.

43.

**Defendant Quinn, as PREA Coordinator of TPP, shared responsibility for policymaking for the TPP.**

44.

Defendants Edwards and Murphy **AND QUINN** failed to adequately train TPSO deputies, which caused unconstitutional conditions constituting a substantial risk to the health and safety of TPP inmates, including Plaintiff.

3

45.

Defendants Edwards and Murphy **AND QUINN** were on notice that their failure to provide adequate training to TPSO deputies caused unconstitutional conditions at TPP.

46.

Defendants Edwards' and Murphy's **AND QUINN'S** deliberate indifference to the need for adequate training was an official TPSO policy giving rise to official capacity liability.

47.

The official policy, custom and practice of inadequate training of TPSO deputies caused the violation of Plaintiff's clearly established Eighth Amendment protection from cruel and unusual punishment.

<u>THIRD CAUSE OF ACTION: FAILURE TO SUPERVISE IN VIOLATION OF 42 U.S.C. § 1983 AND THE EIGHTH AMENDMENT TO THE U.S. CONSTITUTION AGAINST DEFENDANT EDWARDS AND DEFENDANT MURPHY **AND DEFENDANT QUINN**</u>

48.

Plaintiff re-alleges paragraphs 1-33 of this complaint and further states that:

49.

Defendant Edwards, as sheriff of TPSO, was the policymaker for the TPSO and the TPP.

50.

Defendant Murphy, as warden of TPP, shared responsibility for policymaking for the TPP.

51.

**Defendant Quinn, as PREA Coordinator of TPP, shared responsibility for policymaking for the TPP.**

52.

As policymakers, Defendants Edwards and Murphy **AND QUINN** were responsible for the supervision of deputies serving in the TPP.

53.

Defendants Edwards and Murphy **AND QUINN** failed to adequately supervise TPSO deputies, which caused unconstitutional conditions constituting a substantial risk to the health and safety of TPP inmates, including Plaintiff.

54.

Defendants Edwards and Murphy **AND QUINN** were on notice that their failure to provide adequate supervision to TPSO deputies caused unconstitutional conditions at TPP.

55.

Defendants Edwards' and Murphy's **AND QUINN'S** deliberate indifference to the need for adequate supervision of inmates at TPP was an official TPSO policy giving rise to official capacity liability.

56.

The official policy, custom and practice of inadequate supervision of TPSO deputies caused the violation of Plaintiff's clearly established Eighth Amendment protection from cruel and unusual punishment.

[…]

### FIFTH CAUSE OF ACTION: LIABILITY FOR ACTS OF STUDENTS, SERVANTS OR APPRENTICES, LA. C.C. ART. 2320 AGAINST DEFENDANT EDWARDS AND DEFENDANT MURPHY **AND DEFENDANT QUINN**

60.

Plaintiff re-alleges paragraphs 1-33 of this complaint and further states that:

5

61.

Defendants Edwards and Murphy **AND QUINN** are liable to Plaintiff under the laws and jurisprudence of Louisiana.

62.

Defendants Edwards and Murphy **AND QUINN** are vicariously liable for Plaintiff's injuries pursuant to La. C.C. Art. 2320.

63.

The actions and inactions of Defendants Edwards' and Murphy's **AND QUINN'S** employees or subordinates constituted intentional, reckless, or negligent infliction of damage in violation of Louisiana law pursuant to La. C.C. Art. 2315.

64.

As a result of the attack on Plaintiff, she suffered physical injury, emotional distress, and pain and suffering.


Respectfully Submitted:


 _/s/Samuel L. Fuller_____
**JOHN J. FINCKBEINER, JR. (# 18211)**
**SAMUEL L. FULLER (#35134)**
2203 Pakenham Drive
Chalmette, La 70043
Office: (504)279-5177
Fax: (504)279-5375
john@jfjustice.com
sfuller@jfjustice.com
*Attorneys for Plaintiff*