

## The Law Office of John J. Finckbeiner, Jr.
### A Professional Law Corporation

*John J. Finckbeiner, Jr.*

PLEASE REPLY TO THE CHALMETTE OFFICE

December 4, 2017

**Via Electronic Mail: efile-morgan@laed.uscourts.gov**
Honorable Susie Morgan
United States District Court for the Eastern District of Louisiana
500 Poydras Street
Courtroom C316
New Orleans, LA

      *Re:*    Jane Doe v. Daniel Edwards, et al.
             USDC, EDLA No.:17-5629, Section "E" (3)

Dear Judge Morgan:

    Plaintiff respectfully states the following pursuant to your order of November 29, 2017:

    In her First Supplemental and Amending Complaint, filed on October 17, 2017, plaintiff added Alisa Quinn as a defendant to the above entitled cause.

    In further explanation, plaintiff states that Ms. Alisa Quinn is believed to be the Prison Rape Elimination Act ("PREA" or the "Act") coordinator for Tangipahoa Parish Prison. The PREA prison and jail standards as codified in 28 C.F.R Part 115, *et seq.*, set forth national standards to prevent, detect, and respond to prison rape. It is also believed that Tangipahoa Parish Prison receives funding from the U.S. Department of Justice related to their implementation of PREA standards and practices.

    In her capacity as coordinator, Ms. Quinn is responsible for compliance with the Act which sets standards, *inter alia*, for identification and classification of at risk inmates, training of correctional staff, and preservation of evidence of rape and sexual assault.

    Plaintiff maintains that Ms. Quinn failed to ensure compliance with following guidelines set forth in the PREA, and as a result, alleges that Ms. Quinn is jointly liable with Sheriff Edwards and Warden Murphy:

- Failing to conduct risk screening;
- Failing to have protective custody for at risk inmates;
- Failing to train deputies to detect and respond to acts of sexual abuse;
- Failing to have procedures in place to preserve physical evidence of sexual abuse;
- Failing to report incidents of sexual abuse.

For the above alleged violations of Ms. Quinn's duty as PREA coordinator, and an others that may be proved with further discovery, plaintiff brings the following federal and state law claims against defendant, Alisa Quinn, who is sued in her official and individual capacity:

1. Failure to Protect in violation of 42 U.S.C. § 1983 and the Eight Amendment of the Constitution of the United States;
2. Failure to Train in violation of 42 U.S.C. § 1983 and the Eight Amendment of the Constitution of the United States;
3. Failure to Supervise in violation of 42 U.S.C. § 1983 and the Eight Amendment of the Constitution of the United States;
4. Liability for Acts Causing Damages pursuant to La. C.C. Art. 2315 (Negligence);
5. Liability for Acts of Students, Servants or Apprentices pursuant to La. C.C. Art. 2320.

With regard to the asserted violations of the Eight Amendment, plaintiff contends the conditions she was subjected to while incarcerated at Tangipahoa Parish Prison constituted cruel and unusual punishment.

Please do not hesitate to contact me with any questions.

Sincerely,

Samuel L. Fuller

SLF
Cc: John J. Finckbeiner, Jr.
Peter Russell
Timothy R. Richardson via electronic mail: trichardson@usryweeks.com
Ronald S. Bryant via electronic mail: sbryant@usryweeks.com